IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:11-CV-116-WW

| | |
|---|---|
| DONNA DOAK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social | ) |
| Security, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

This matter is before the Court upon the parties' cross Motions for Judgment on the Pleadings. (DE's-46 & 50). The time for filing any responses or replies has expired. Accordingly, the matter is now ripe for adjudication. Based upon consent of the parties under 28 U.S.C. § 636(c)(1), this case has been reassigned to the undersigned to conduct all proceedings. (DE-44). For the following reasons, Plaintiff's Motion for Judgment on the Pleadings (DE-46) is DENIED, Defendant's Motion for Judgment on the Pleadings (DE-50) is GRANTED, and the final decision by Defendant is AFFIRMED.

**Statement of the Case**

Plaintiff applied for Disability Insurance Benefits ("DIB") on November 12, 2008, alleging that she became unable to work on April 19, 2007. (Tr. 11). This application was denied initially and upon reconsideration. *Id.* A hearing was held before an Administrative Law Judge ("ALJ"), who determined that Plaintiff was not disabled during the relevant time period in a

1

decision dated November 18, 2010. *Id.* at 11-19. The Social Security Administration's Office of Hearings and Appeals ("Appeals Council") denied Plaintiff's request for review on May 27, 2011, rendering the ALJ's determination as Defendant's final decision. *Id.* at 1-5. Plaintiff filed the instant action on July 12, 2011. (DE-3).

**Standard of Review**

This Court is authorized to review Defendant's denial of benefits under 42 U.S.C. § 405(g), which provides in pertinent part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...

42 U.S.C. § 405(g).

"Under the Social Security Act, [the Court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is ... such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). "In reviewing for substantial evidence, . . . [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute . . . [its] judgment for that of the Secretary." Craig, 76 F.3d at 589. Thus, this Court's review is limited to determining whether Defendant's finding that Plaintiff was not disabled is "supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453,

2

1456 (4th Cir. 1990).

**Analysis**

The Social Security Administration has promulgated the following regulations which establish a sequential evaluation process that must be followed to determine whether a claimant is entitled to disability benefits:

> The five step analysis begins with the question of whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I. If so the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work. 20 C.F.R. § 404.1520(f).

Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001).

In the instant action, the ALJ employed the sequential evaluation. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged disability onset date. (Tr. 13). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: 1) lumbar degenerative disc disease; 2) fibromyalgia; 3) hypertension; 4) asthma; 5) chronic kidney disease; 6) major depressive disorder; and 7) anxiety disorder. *Id.* However, the ALJ determined that these impairments were not severe enough to meet or medically equal one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. *Id.* at 13-15. Next, the ALJ found that:

> the claimant has the residual functional capacity to stand and walk for two hours and sit for six hours in an eight-hour work day. She can lift, carry,

3

> push and pull ten pounds occasionally and five pounds frequently. She can occasionally balance, climb, stoop, crouch, kneel, crawl, work at heights, and work around dangerous machinery. She cannot work in environments with concentrated respiratory irritants. She is limited to performing simple, routine, repetitive work tasks meaning that she can apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form and deal with problems involving several concrete variables in or from standardized situations.

> *Id.* at 15.

The ALJ then determined that Plaintiff was unable to perform her past relevant work. *Id.* at 18. However, based upon the testimony of a vocational expert, the ALJ determined that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. *Id*. at 19. Accordingly, the ALJ determined that Plaintiff was not under a disability at any time from April 19, 2007 through November 18, 2010. *Id.* at 19.

The undersigned has reviewed the entire record and finds that these determinations were supported by substantial evidence. Plaintiff's argument relies primarily on the contention that the ALJ improperly weighed the evidence. However, this Court must uphold Defendant's final decision if it is supported by substantial evidence. Although Plaintiff may disagree with the determinations made by the ALJ after weighing the relevant factors, the role of this Court is not to undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Secretary. Craig, 76 F.3d at 589. Because that is what Plaintiff requests this Court do, her claims are without merit.

Nonetheless, the undersigned shall now address Plaintiff's assignments of error.

**The ALJ properly assessed Plaintiff's RFC**

Plaintiff first argues that the ALJ improperly assessed her RFC. (DE-47, pg. 7). However, the ALJ's RFC determination was supported by substantial evidence. For example, the

4

findings of objective medical testing in the record support the ALJ's findings. (Tr. 299-305, 342-346, 351, 501, 649).

The treatment for Plaintiff's pain was generally conservative, consisting of pain medications, steroids, injections and exercise. *Id.* at 333, 335, 336, 338, 342, 365, 367, 401, 498, 506-507, 530-531, 564-606, 672. Likewise, Plaintiff's: 1) hypertension was well-controlled with Dyazide (Tr. 391; 2) joint pain was significantly relieved by steroids (Tr. 365-367); and 3) back pain was improved with Hydrocodone (Tr. 566).

Dr. T. Craig Derian stated that Plaintiff could return to work with restrictions on October 16, 2006. *Id.* at 209. Plaintiff ambulated well on February 5, 2007. *Id.* at 207. On February 15, 2007, it was noted that Plaintiff could return to full employment with no restrictions. *Id.* at 206.

During a follow up examination on September 4, 2007, Plaintiff had "no complaints." *Id.* at 390.

On October 23, 2007, Plaintiff reported that her joint pains were "[f]eeling much better." *Id.* at 367. She also reported "significant relief from steroid." *Id.*

After a motor vehicle collision on June 13, 2008, Plaintiff reported "no myalgias, no neck pain, no back pain, [and] no joint pain." *Id.* at 535.

Plaintiff reported "terrible pain" on August 15, 2008. *Id.* at 312. Upon examination, however she denied "all symptoms in all systems." *Id.* at 313. It was noted that Plaintiff had a "[p]uzzling presentation . . . [because] she had no . . . history that would be . . . [consistent with a] muscular problem." *Id.* at 315.

On March 27, 2009, Plaintiff's physical RFC was assessed. *Id.* at 375-382. It was determined that Plaintiff could: 1) occasionally lift and/or carry 20 pounds; 2) frequently lift

5

and/or carry 10 pounds; and 3) sit, stand and/or walk for a total of about six hours in an eight hour workday. *Id.* at 376. In addition, it was determined that Plaintiff could only occasionally stoop, kneel, crouch or crawl. *Id.* at 377. Likewise, Plaintiff could only occasionally climb ladders, ropes or scaffolds. *Id.* No manipulative, visual, communicative or environmental limitations were noted. *Id.* at 378-379. Dr. Jack Drummond made similar findings on October 27, 2009. *Id.* at 436-443.

Dr. Tovah M. Wax stated on April 16, 2009 that Plaintiff's depression and anxiety did not precisely satisfy any listed impairment. *Id.* at 406, 408. He further opined that Plaintiff had no difficulty in maintaining social functioning, and only mild restrictions in her activities of daily living. *Id.* at 413. Dr. Bonny Gregory made similar findings on October 2, 2009. *Id.* at 422-432.

Plaintiff had a normal range of motion and full strength in all muscle groups on May 26, 2009. *Id.* at 505-506.

During a June 3, 2009 examination, Plaintiff had negative straight leg testing and paraspinal muscle spasm was absent. *Id.* at 563.

Plaintiff stated on September 17, 2009 that she "helps her father around the house and . . . [performs] chores for him during the day." *Id.* at 419. She also noted that she "spends time cleaning up around the house." *Id.* Dr. E.J. Burgess indicated that Plaintiff did "not appear to have any depression at this time." *Id.* at 421. Likewise, Dr. Burgess opined that Plaintiff would be "able to tolerate stress and pressures of day-to-day work activities." *Id.* at 421.

On June 22, 2010, Plaintiff was able to lift her legs without difficulty. *Id.* at 671. She was encouraged to "[e]xercise – walk 3-4 times per week." *Id.* at 672.

6

In short, there was substantial evidence to support the ALJ's RFC determination, and this assignment of error is without merit.

**<u>Substantial evidence exists even when Dr. Lovette's opinion is considered</u>**

Next, Plaintiff argues that Defendant failed to give the medical source statement provided by Dr. Ken Lovette proper weight. (DE-47, pg. 7). On November 15, 2010, Dr. Lovette opined that Plaintiff: 1) could lift less than 10 pounds; 2) could stand or walk less than two hours in an eight hour workday; 3) would require an assistive device for ambulation; and 4) must periodically alternate sitting and standing to relieve pain or discomfort. *Id.* at 675-676. He also determined that Plaintiff could never climb, kneel, crawl or stoop. *Id.* at 676. Finally, Dr. Lovette identified several environments that Plaintiff should avoid because they "affect [her] medication side effect[s]." *Id.* at 681.

The ALJ does not specifically discuss Dr. Lovette's opinion in his decision. However, the opinion was considered by the Appeals Council. *Id.* at 1-5. Ultimately the Appeals Council determined that Dr. Lovette's opinion did "not provide a basis for changing the [ALJ's] decision." *Id.* at 2.

The Appeals Council is required to review certain decisions of an ALJ. Specifically:

> (b) In reviewing decisions based on an application for benefits, if new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. In reviewing decisions other than those based on an application for benefits, the Appeals Council shall evaluate the entire record including any new and material evidence submitted. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.
>
> 20 C.F.R. § 416.1470(b). *See also*, <u>Morrison v. Astrue</u>, 2011 WL 1303651, * 4 (W.D.N.C. March 31, 2011).

7

When the Appeals Council incorporates new evidence into the administrative record, the reviewing court considers the record as a whole, including the new evidence, to determine whether the Commissioner's decision is supported by substantial evidence. Wilkins v. Sec'y of Health & Human Servs., 953 F.2d 93, 96 (4th 1991). Generally, the Appeals Council is not required to articulate a detailed assessment of any additional evidence submitted by a claimant. Freeman v. Halter, 2001 WL 847978, * 2 (4th Cir. 2001)(unpublished); Hollar v. Commissioner of Social Sec. Admin., 1999 WL 753999, * 1 (4th Cir. 1999)(unpublished).

Here, the ALJ's decision is supported by substantial evidence even after considering Dr. Lovette's opinion. Notably, Dr. Lovette's November 15, 2010 opinion is inconsistent with the rest of the medical record, including his own treatment notes. Dr. Lovette examined Plaintiff on June 22, 2010. *Id.* at 671-673. This was the only examination of Plaintiff conducted by Dr. Lovette in the medical record. His findings during this examination were generally normal. *Id.* at 671. Plaintiff was able to lift her legs without difficulty, and was encouraged to exercise three to four times per week. *Id.* at 671-672.

For these reasons, this assignment of error is without merit.

**The ALJ properly assessed Plaintiff's credibility**

Finally, Plaintiff argues that the ALJ erred in assessing her credibility. (DE-47, pg. 9). During the hearing in this matter, Plaintiff testified that she has undergone several back surgeries, and that she still experiences back and leg pain. (Tr. 28). She also testified that she has "pain all over" because of her fibromyalgia. *Id.* at 29. Plaintiff indicated that she feels tired and fatigued all the time. *Id.* Because of her pain, Plaintiff stated that she does not sleep well. *Id.* at 30. In addition, Plaintiff testified that she suffers from depression, crying spells and anxiety attacks. *Id.* Plaintiff noted that she has difficulty concentrating and focusing. *Id.* at 30-31. When asked

whether she likes to be around other people, Plaintiff responded "[i]t's about a 50/50 call there." *Id.* at 31. She estimated that she could: 1) stand 20 to 30 minutes before needing to sit down and rest; 2) sit 15 minutes before needing to change position; and 3) walk 20 minutes before needing to stop and rest. *Id.* at 31-32. Plaintiff testified that her pain affects her ability to focus and concentrate. *Id.* at 32. The most comfortable position for her to be in is lying down, and she spends most of her day in this position. *Id.* at 32-33. She stated that friends usually do her household chores for her. *Id.* at 33.

With regard to the Plaintiff's testimony, the ALJ made the following findings:

> In activities of daily living, the claimant has mild restriction. At one point or another in the record (either in forms completed in connection with the application and appeal, in medical reports or records, or in the claimant's testimony), the claimant has reported the following daily activities: the ability to drive, she is able to help her father move around the house, she is able to clean-up around the house. In sum, the claimant manages her own finances, shopping, cleaning, and cooking and cares for her father . . .
>
> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.
>
> In terms of the claimant's alleged impairments, the description of the symptoms and limitations, which the claimant has provided throughout the record, has generally been inconsistent and unpersuasive. The record also reveals that the treatment has been generally successful in controlling those symptoms. Concerning the mental allegations, as noted above, the treatment has been essentially routine and/or conservative in nature, and when adhered to successful in controlling the symptoms.
>
> *Id.* at 14, 18.

"Because he had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight."

9

Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). Furthermore, the regulations provide a two-step process for evaluating a claimant's subjective complaints of pain or other symptoms. 20 C.F.R. § 404.1529; Craig, 76 F.3d at 593-596. First, the ALJ must determine whether there is objective medical evidence showing the existence of a medical impairment that could be reasonably expected to produce the pain or alleged symptoms. 20 C.F.R. § 404.1529(b); Craig, 76 F.3d at 594. Second, the ALJ evaluates the intensity and persistence of the symptoms to determine how they limit the capacity for work. 20 C.F.R. 404.1529(c); Craig, 76 F.3d at 595. The ALJ evaluates the intensity and persistence of the symptoms and the extent to which they limit a claimant's capacity for work in light of all the available evidence, including the objective medical evidence. 20 C.F.R. 404.1529(c). At the second step, however, claims of disabling symptoms may not be rejected solely because the available objective evidence does not substantiate the claimant's statements as to the severity and persistence of the symptoms. *See*, Craig, 76 F.3d at 595. Since symptoms can sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, all other information about symptoms, including statements of the claimant, must be carefully considered in the second part of the evaluation. 20 C.F.R. 404.1529(c)(2). The extent to which a claimant's statements about symptoms can be relied upon as probative evidence in determining whether the claimant is disabled depends on the credibility of the statements. SSR 96-7p, 1996 WL 374186, *4.

Here, the ALJ followed these standards in assessing Plaintiff's credibility. The ALJ's observations that Plaintiff had be treated relatively conservatively and that her symptoms responded to treatment are supported by substantial evidence. *Id.* at 333-342, 365-367, 391, 401, 453-477, 498, 506-507, 530-531, 564, 566-606, 614-621, 660, 672. In addition to the portions already summarized, the medical record indicates that Plaintiff reported: 1) on April 27, 2009

10

that she had been "busy . . .taking her father to doctor appointments, helping her father at his bar, and assisting in running a Poker Run/Biker Rodeo" (Tr. 473); 2) on June 29, 2009 that "she was running errands for . . . [her father] and managing his bar" (Tr. 469); 3) on July 14, 2009 that she went "to the River with friends . . . [where she] prepared the food and cleaned up without any contribution or help from her friends" (Tr. 468); 4) on July 27, 2009 that she was starting a new motorcycle club (Tr. 466); 5) on October 21, 2009 that she traveled to Pennsylvania for her grandmother's birthday party where she prepared and served the food (Tr. 459); and 6) on November 18, 2009 "that she would be cooking for the Toy Run this weekend, in which there will be a few hundred participants" (Tr. 455).

The ALJ's findings of fact demonstrate that he properly assessed Plaintiff's credibility. Likewise, the ALJ's citations to Plaintiff's medical records constitute substantial evidence which support that assessment. In short, the ALJ properly pointed out that the medical record contains substantial evidence inconsistent with Plaintiff's subjective complaints. Accordingly, this assignment of error is without merit.

**Conclusion**

For the aforementioned reasons, Plaintiff's Motion for Judgment on the Pleadings (DE-46) is DENIED, Defendant's Motion for Judgment on the Pleadings (DE-50) is GRANTED, and the final decision by Defendant is AFFIRMED.

SO ORDERED in Chambers at Raleigh, North Carolina on Wednesday, April 25, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE